UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MACKIE R. BYLES, <br> MACKIE W. BYLES, ROBERT <br> HOWARD, DAVID GANN, and <br> BON SCOTT MORRIS, <br> Individually and On Behalf of All <br> Others Similarly Situated, <br>     Plaintiffs, <br><br> vs. <br><br> TRANSGLOBAL SERVICES, LLC <br> JEFFERY COLWELL and <br> JOHN RATLIFF <br>     Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:16-CV-283 |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Mackie R. Byles, Mackie W. Byles, Robert Howard, David Gann and Bon Scott Morris, on behalf of themselves and all others similarly situated ("Plaintiffs"), file this Original Complaint, as follows:

**I.  PRELIMINARY STATEMENT**

1. Transglobal Services, LLC ("Transglobal"), Jeffery Colwell and John Ratliff were formerly the employers, co-employers and/or joint employers of Plaintiffs. Plaintiffs were hired by Transglobal as independent contractors, despite the fact that they worked full time for Transglobal, and virtually every aspect of their jobs were controlled by Defendants. Defendants misclassified Plaintiffs and their other workers as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During their time with De-

fendants, Plaintiffs typically worked at least 12-15 hours per day, at least six days per week. Plaintiffs and other workers for Defendants were paid on an hourly basis, and were paid the same hourly rate for each hour worked, and thus never received overtime pay.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action consists of:

**ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY TRANSGLOBAL SERVICES, LLC OVER THE PAST THREE YEARS; (B) WERE PAID ON AN HOURY BASIS; AND (C) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS.[1]**

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II. PARTIES

5. Plaintiffs are individuals who were formerly employed by Defendants. Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

6. Defendant Transglobal Services, LLC is a Texas limited liability company with its principal place of business in Texas. Transglobal may be served through its registered agent for service of process in Texas, John Ratliff, at 201 West Wall St. Suite 325, Midland, TX 79701 or where found.

---

[1] For ease of reference, the members of this proposed class will be referred to herein as "the Transglobal Independent Contractors."

7. Defendant John Ratliff is an individual residing in Texas. Mr. Ratliff may be served at 201 West Wall St. Suite 325, Midland, TX 79701, or where found.

8. Defendant Jeffery Colwell is an individual residing in Texas. Mr. Colwell may be served at PO Box 1001, Fort Worth, TX 76101, or where found.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

10. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, much of the work performed by Plaintiffs and those in the proposed class was performed in the Permian Basin, and more specifically, in and around the Midland-Odessa area. Many members of the proposed class live and continue to work in the Midland-Odessa area.

### IV. COVERAGE

12. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiffs and others similarly situated. Defendants are jointly

responsible for all decisions related to the wages to be paid to the Transglobal Independent Contractors, the work to be performed by the Transglobal Independent Contractors, the locations of work performed by the employees, the hours to be worked by the Transglobal Independent Contractors, and the compensation policies with respect to the Transglobal Independent Contractors.

13. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiffs, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

V. FACTUAL BACKGROUND

16. Transglobal is a full service field service provider in the energy industry. Transglobal primarily provides surveying, right of way and seismic services to oil and gas producers. Transglobal has been in existence since 2007 and has field offices in Spearman, Texas, Houston, Texas, San Angelo, Texas, Dilley, Texas, Carlsbad, New Mexico, Anchorage, AK and Hutchinson, KS. Transglobal also has administrative offices in Midland and Fort Worth. Transglobal

also has a large workforce, with somewhere between 250-300 field workers. Yet, Transglobal classifies all or virtually all of its field personnel as independent contractors.

17. Because Plaintiffs and the other Transglobal Independent Contractors are paid a set, flat hourly rate, and because their schedules are set by Defendants, they are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must perform work as ordered to do by Defendants - Defendants tell the Transglobal Independent Contractors what job locations to report to, what tasks to do and when to do them. Because they work full time for Defendants (often working 80-100 hours per week), they are not allowed an opportunity to expand their business or to take on other jobs for other surveying or seismic companies.

18. Messrs. Colwell and Ratliff are the owners and the primary decision-makers of Transglobal. In this capacity, Messrs. Colwell and Ratliff are responsible for day-to-day operations of Transglobal. Messrs. Colwell and Ratliff are responsible (either directly or through Transglobal personnel that they control and supervise) for the wages to be paid to Plaintiffs, the work to be performed by Plaintiffs, the locations of work performed by Plaintiffs, the hours to be worked by Plaintiffs, and the compensations policies with respect to Plaintiffs. Messrs. Colwell and Ratliff also maintained the employment records of Transglobal and have the power to hire and fire at Transglobal.

19. No exemption excuses Defendants from paying Plaintiffs and the other Transglobal Independent Contractors overtime rates under the FLSA. The members of the proposed class were all paid on an *hourly* basis, and thus none of them could fall within any of the white

collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

20.  Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

21.  For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22.  Plaintiffs has retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.  COLLECTIVE ACTION ALLEGATIONS

23.  Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

24.  Plaintiffs bring their claim on behalf of all current and former Transglobal Independent Contractors.

25.  Defendants' compensation policies and procedures with respect to Plaintiffs and the Transglobal Independent Contractors and wages paid to Plaintiffs and the Transglobal Independent Contractors are substantially similar, if not identical.

26.  Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and

does not depend on individualized circumstances of Plaintiffs or the Transglobal Independent Contractors.

27. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

28. Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

29. Plaintiffs request that Defendants identify all prospective members of the proposed class of Transglobal Independent Contractors in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

30. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

31. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

32. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII.   CAUSE OF ACTION - VIOLATIONS OF THE FLSA

33. The foregoing allegations are incorporated herein by reference.

34. Plaintiffs and others similarly situated were non-exempt employees of Defendants.

35. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

36. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

37. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiffs and other similarly situated employees.

38. Plaintiffs, individually and on behalf of others similarly situated, seek all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of others similarly situated, respectfully request that Defendants be required to answer and appear, and that on final hearing, Plaintiffs and other members of the collective action be awarded:

   a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

   b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Southern District of Texas Number 639625
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**